**GREGORY T. LUSBY**, OSB No. 933490
greg@lusbylawfirm.com
**LUSBY LAW FIRM PC**
800 Willamette Street, Suite 800
Eugene, OR 97401
Telephone: (541) 246-8520
Fax: (541) 484-0536

**MIKAL C. WATTS**, OSB No. 215872
cindy@wattsllp.com
**WATTS LAW FIRM LLP**
811 Barton Springs Road, Suite 725
Austin, TX 78704
Telephone: (512) 479-0500
***Attorneys for Plaintiffs***

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

**COMMUTE OPTIONS FOR CENTRAL OREGON**, an Oregon Nonprofit Corporation; **MCKENZIE VALLEY LTRG OF LANE COUNTY,** an Oregon Nonprofit Corporation; **OUTDOOR EDUCATION ADVENTURES**, an Oregon Nonprofit Corporation; **THE WATERSTRONG INITIATIVE,** an Oregon Nonprofit Corporation; **EUGENE PUBLIC LIBRARY FOUNDATION,** an Oregon Nonprofit Corporation; and the **OREGON SHAKESPEARE FESTIVAL ASSOCIATION**, an Oregon Nonprofit Corporation,

Plaintiffs,

vs.

**GOFUNDME INC.**, a Delaware Corporation; and **JOHN DOES NO. 1-100,**

Defendants.

Case No. 6:26-cv-00475-AP

**AMENDED CLASS ACTION ALLEGATION COMPLAINT**

15 USC § 1125(a) –
False Association / False Endorsement, Conversion, Unjust Enrichment, and Punitive Damages

**DEMAND FOR JURY TRIAL**

Plaintiffs Commute Options for Central Oregon, McKenzie Valley LTRG of Lane County, Outdoor Education Adventures, The WaterStrong Initiative, Eugene Public Library Foundation, and the Oregon Shakespeare Festival Association (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated (collectively, the "Class," as more fully defined below), bring this class action complaint against Defendant GoFundMe Inc. (hereinafter referred to as "GoFundMe") and John Does Nos. 1-100 (Hereinafter "Defendants"). These Plaintiffs make the following allegations upon personal knowledge as to their own acts, information and belief, and their investigation, including by and through counsel, as to all other matters, alleging as follows:

## I. INTRODUCTION

1. This is a class action brought by nonprofit charitable organizations whose names, identities, trademarks and logos, reputation and goodwill were used by Defendants to solicit charitable donations, and collect gratuities and donation fees for itself, all without the knowledge, input, or authorization of the charities for which donations were being solicited and collected.

2. Defendants created, curated, hosted, and/or promoted fundraising pages, purportedly with the assistance of artificial intelligence ("AI"), that falsely conveyed the impression to donors that the named charities had approved, endorsed, or were affiliated with the fundraising campaigns of that particular charity. The unauthorized webpages created confusion and dilution of the identities that the Plaintiffs have worked so hard to cultivate while competing against the interests of the Plaintiffs and the Class, including donations made directly to the Plaintiffs and the Class without additional costs and fees for donors. Based upon the creation of the unauthorized webpages, it is information and belief that collected and held the donor donations were made by the donors without timely informing the charities that donations had been made, or informing the donor that their donations were being solicited by Defendants without the authorization of the Plaintiffs and Class to which they believed that they were

making a donation, including the Defendants monetizing intended donations to the Plaintiffs and the Class by seeking to collect gratuities and fees from the Plaintiffs' donors.

3. Defendants conduct affects the reputation of these charities, undermines public trust in these specific charitable organizations and in the methods their use for donation campaigns, interferes with charities' fundraising autonomy, and unlawfully exploits the reputation and goodwill of each charity affected, and charitable goodwill generally, all for the Defendants' commercial benefit.

## II. PARTIES

4. Plaintiff Commute Options For Central Oregon is a 501(c)(3) corporation which is duly registered and incorporated in the State of Oregon with its principal place of business offices located in Bend, Oregon which is located within Deschutes County.

5. Plaintiff McKenzie Valley LTRG of Lane County is a 501(c)(3) corporation which is duly registered and incorporated in the State of Oregon with its principal place of business offices located in Springfield, Oregon which is located within Lane County.

6. Plaintiff Outdoor Education Adventures is a 501(c)(3) corporation which is duly registered and incorporated in the State of Oregon with its principal place of business offices located in McMinnville, Oregon which is located within Yamhill County.

7. Plaintiff The WaterStrong Initiative is a 501(c)(3) corporation which is duly registered and incorporated in the State of Oregon with its principal place of business offices located in Portland, Oregon which is located within Multnomah County.

8. Plaintiff Eugene Public Library Foundation is a 501(c)(3) corporation which is duly registered and incorporated in the State of Oregon with its principal place of business offices located in Eugene, Oregon which is located within Lane County.

///

9. Plaintiff Oregon Shakespeare Festival Association is a 501(c)(3) corporation which is duly registered and incorporated in the State of Oregon with its principal place of business offices located in Ashland, Oregon which is located within Jackson County.

10. Defendant GoFundMe Inc. is a Delaware corporation, with its principal place of business and home office being in Redwood, San Mateo County, California. At all times relevant to the allegations in this complaint, GoFundMe Inc. has purposefully and continuously been engaged in the business of operating a crowdfunding platform for consenting and authorizing individuals, groups, and organizations to raise money online for causes, life events, emergencies, and charitable or social purposes. GoFundMe Inc. operates primarily through a website and related apps, and through this website reaches potential charitable donors in the State of Oregon, throughout the United States, and in many countries throughout the world. GoFundMe Inc. is not registered or authorized to do business in the State of Oregon but may be served with process in this matter by serving its registered agent for service, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

## III. CLASS ACTION AND LR 23-2

11. Plaintiffs bring these causes of action on behalf of all charitable organizations, the Class, whose names or identities were used on GoFundMe fundraising pages without their authorization and consent to solicit donations from donors who were not made aware the organization had not authorized the GoFundMe page or that contribution campaign.

12. Per Fed. R. Civ. P. 23(a) and LR 23-2, this action meets the prerequisites due to this action being brought by one or more members of the Class due to the Class being so numerous that joinder of all members is impracticable, there are questions of law or fact common to the Class, the claims of the representative Plaintiffs herein are typical of the claims of the Class and the representative Plaintiffs will fairly and adequately protect the interests of the parties as set forth below.

13. Per Fed. R. Civ. P. 23(b) and LR 23-2, this action can be maintained as a class action per Fed. R. Civ. P. 23(b)(1)(A) due to the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendants. Further, the questions of law or fact common to the Class members predominate over any questions affecting only individual members and that a Class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

14. As set forth herein, the initial Plaintiffs in the original class action complaint and this amended complaint have all been impacted by the actions of the Defendants in the same manner and they are adequate representatives for the Class.

15. The questions of law and fact alleged herein are common to the Class due to the actions of the Defendants creating unauthorized fundraising websites for nonprofit organizations throughout the State of the Oregon and the United States of America reportedly totaling 1.4 million unauthorized webpages.

## IV. JURISDICTION AND VENUE

16. Jurisdiction is proper under 28 U.S.C. §§ 1332 as there is complete diversity of citizenship between the Plaintiffs and all Defendants, and the amount in controversy in this matter exceeds $75,000.00.

17. Venue is proper because this case arises based on acts of the Defendants which were specifically directed toward Oregon charitable organizations and charity fundraising which was to occur within the State of Oregon and within this District, including but not limited to these Plaintiffs, along with other members of the Class, and/or their fundraising for these Plaintiffs and members of the Class which occurred within the State of Oregon and this District. Further, the actions of the Defendants are purported to have impacted and damaged 1.4 million nonprofit organizations nationwide.

18. The Defendants conduct foreseeably affected, and caused injuries and damages to, these and other Charitable organizations, and those injuries and damages were foreseeably suffered within the State of Oregon and this District along with nationally.

19. Moreover, Defendants knew or reasonably should have known that its conduct would have substantial and foreseeable effects within this District because it targeted its efforts on Charities located within the State of Oregon and this District along with nonprofit organizations nationwide.

20. A significant portion of the transactions, injuries, and damage forming the basis of Plaintiffs' claims occurred in this District, including injuries suffered by Plaintiffs and members of the Class whose principal place of business is within this District.

21. Numerous members of the proposed Class reside in this District and were injured in this District as a result of Defendants' actions. Accordingly, this District represents a significant site of the events and injuries underlying Plaintiffs' claims.

## V. STATEMENT OF FACTS

22. This action seeks to redress injuries caused to Plaintiffs and the other Class members for damages arising out of the GoFundMe Inc.'s misappropriation of the name and reputation of over 1.4 million non-profit organizations, when it created, without the knowledge or consent of these non-profits, GoFundMe pages in the names of these non-profits seeking charitable contributions and donations, and in which it collected a transaction fee for each donation made, and sought significant gratuities, or tips, for itself, which the donor had to decline to make or select the amount of, or the gratuity was charged at a percentage of the donation that had been set by GoFundMe .

23. To create these donation pages, it is believed that GoFundMe "data mined" the names of the non-profit, 501(c)(3) organizations from the Internal Revenue Service and other publicly available sources of information on 501(c)(3) organizations, including 990 filings, then it unilaterally established

the GoFundMe donation pages with photos, logos, mission statements, links to YouTube channels, and other information about the non-profit that it unilaterally selected, some of which was either wrong, outdated or contrary to the tone and mission of the non-profits.

24. In addition to the non-profits not being aware of the donation page set up by GoFundMe, or the donations being made to it at GoFundMe's urging, nowhere on these pages were potential donors made aware that the non-profit was not aware of the site or that the non-profit would not be aware of the donation ostensibly made to it.

25. Upon information and belief, when donors made a donation to the charity on a GoFundMe page that was not authorized by that charity, the donation was collected and held by GoFundMe Payments, Inc. without the charity being timely informed, a processing fee was charged and a significant tip was solicited or applied in default in addition to the donation that resulted in reduction of the donation amount given by the donor or received by the charity. The unauthorized webpages created by the Defendants were vague and not clear that the intended donations were being reduced with significant amounts, including the Defendants' solicited or default "tip" and transaction fees, being paid by the donors that were not going to the nonprofits.

26. Upon the discovery of the actions of the Defendants to create the unauthorized donation solicitation webpages, the Defendants engaged in a confusing and cumbersome procedure for the nonprofits to claim and gain control of the unauthorized created webpages, including requiring the nonprofits to affirmatively go onto the GoFundMe website to claim it so that the nonprofit organizations could have control over it and its content. Upon information and investigation, the Defendants made multiple changes to the procedure and requirements for non-profit organizations to claim the unauthorized websites following discovery and criticism. Further, the Defendants then required the non-profit organizations to accept their self-serving terms and conditions as a prerequisite for the non-

profit organizations attempting to claim control of the unauthorized webpages that the Defendants created and controlled, including the fees and ability for GoFundMe to solicit gratuities from the non-profit donors.

27. Specifically, the Plaintiffs discovered that the unauthorized webpages were created for their organizations and they needed to proactively claim the webpages to obtain control over them, by utilizing time and resources, and that when a non-profit organization claimed the unauthorized webpage it could then not be deleted or removed.

28. It is also believed that GoFundMe added search engine optimization to these sites which, when donors searched for a non-profit to make a charitable donation to, caused these sites to appear high in the search results that the potential donor was provided, the significance of which is that potential donors searching for a particular non-profit's own donation page, may be directed to the unauthorized GoFundMe page instead rather than giving directly to the non-profits.

29. If and when a non-profit learns of GoFundMe's unauthorized donation page that has been set up in the non-profit's name, the non-profit is being forced to "claim" the page before the donors to it are identified, donations made to it are transferred, and the unauthorized GoFundMe page can be potentially halted yet not deleted or removed.

30. Understandably, these Plaintiffs, and others similarly situated in the Class, are concerned that GoFundMe's usurping the names and reputations of these non-profits has created a concern for potential donors as to the legitimacy of charitable donation campaigns that will affect the donors' willingness to make future charitable contributions.

31. In October of 2025, the National Council of Nonprofits issued a statement regarding GoFundMe's unauthorized fundraising pages, in which its president and CEO, Diane Yentel, stated as follows:

***"The National Council of Nonprofits was deeply concerned by GoFundMe's creation of fundraising pages for more than a million nonprofits without their knowledge or consent. Nonprofits depend on transparency, trust, and the ability to control their own fundraising. GoFundMe's actions were a breach of that trust."***

32. On March 3, 2026, a bipartisan coalition of state Attorney Generals and charitable regulators from 21 states, including Oregon Attorney General Dan Rayfield, signed and sent a letter to the General Counsel of Defendant GoFundMe ***"…to express grave concerns about GoFundMe's creation of donation web pages for more than 1.4 million charities without their prior knowledge or consent, prompting an outcry from charities nationwide whose identities were plagiarized."***

33. The uncertainty created by GoFundMe as to the legitimacy of the Plaintiffs' and Class's charitable campaigns has, through the erosion of trust and the resistance of donors to contribute, has caused these Plaintiffs and the Class both economic and reputational injury.

## VI. CAUSES OF ACTION

### A. 15 USC Sec 1125(a) – False Association / False Endorsement

34. The Plaintiffs incorporate verbatim herein by reference Paragraphs 1 – 33 hereinabove.

35. 15 U.S.C. § 1125 (a) (The Lanham Act) specifically provides as follows:

> *(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—*
>
> > *(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or*
> >
> > *(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.*

36. It cannot be disputed that the donation pages created by GoFundMe which purport to have been established by the Plaintiffs charities and those of the Class, without their knowledge, consent, or authorization, GoFundMe:

- Did, or was likely to, cause confusion in the minds of donors as to the affiliation, connection, or association of the GoFundMe pages and the charities that they purportedly were associated with;
- Misrepresented the nature characteristics and qualities of its donation pages, to the detriment of the charity campaigns which were being promoted by the Plaintiffs and Class charities themselves.

37. The confusion and uncertainty created by GoFundMe's actions has caused these Plaintiffs and those in the Class both economic and reputational injury, for the economic and reputational benefit of both GoFundMe and GoFundMe Payments. These amounts will be set forth with greater certainty as discovery proceeds in this matter and the full impact of the actions of Defendants are determined.

**B. Conversion**

38. The Plaintiffs incorporate verbatim herein by reference Paragraphs 1 – 37 hereinabove.

39. On or about October 15, 2025, Defendant GoFundMe created and operated an online donation page purporting to raise funds for the Plaintiffs charities and those in the Class, without the Plaintiffs and Class charities' knowledge, consent or authorization.

40. Defendant GoFundMe solicited and potentially accepted monetary donations from members of the public through that donation webpages created in the names of the Plaintiffs charities

and those in the Class, representing or implying that the donations were for Plaintiffs or Class charities' benefit.

41. Donors who contributed through the page intended their donations to be transmitted to the Plaintiffs and Class charities and those charities to have access and control over those funds.

42. Defendants potentially took possession of the donated funds, deposited them into accounts under Defendants' control, and retained custody and control of the funds rather than promptly transmitting them to Plaintiffs and the Class.

43. The Defendants also charged the donor a fee for making the donation and solicited tips from the donation, which effectively lowered the amount of the donation that the donor was making that might eventually be made available to the intended charity.

44. Defendants retention of the funds occurred without authorization of the Plaintiffs and those in the Class was without legal justification, and continued until Plaintiffs and those in the Class independently discovered Defendants' conduct through third-party sources.

45. As a direct and proximate result of Defendants' conversion, the Plaintiffs and Class charities have suffered damages, and will continue to suffer damages into the future, including past and future loss of use of the donated funds, including but not limited to fees and tips removed or reduced from donors donations by the Defendants, loss of interest or time-value of money on funds intended for, but not provided to, the charities of the Plaintiffs and Class, and administrative and corrective costs. These amounts will be set forth with greater certainty as discovery proceeds in this matter and the full impact of the actions of the Defendants are determined.

### C. Unjust Enrichment

46. The Plaintiffs incorporate verbatim herein by reference Paragraphs 1 – 45 hereinabove.

47. Defendants received a benefit from their unauthorized activities as referenced herein in the form of:

a. Monetary donations solicited through an online page created by Defendants for Plaintiffs and the Class without authorization;

b. Fees, interest, float, data value, or other financial or commercial advantages derived from possession and control of those donations; and

c. Increased platform traffic, goodwill, or commercial leverage resulting from use of Plaintiffs charities name, reputation, goodwill, logo, and mission-related content.

48. The donations solicited through Defendant GoFundMe's page were intended by donors for the Plaintiffs and Class charities' charitable use, and Defendants acquired and retained those funds at the Plaintiffs and Class charities' expense.

49. Upon information and belief, Defendants retained possession and control of the donated funds rather than promptly transmitting them to the Plaintiffs and Class charities, and did so without the Plaintiffs and Class charities' knowledge or consent.

50. Defendants' retention of the benefits occurred under circumstances that make it unjust and inequitable for the Defendants to retain them, including but not limited to:

a. Defendants created and operated the donation page without the Plaintiffs and Class charities' authorization;

b. Defendants used the Plaintiffs and Class charities' name, branding, and mission-related content to induce donations; and

c. Defendants controlled the timing and conditions under which funds were released.

51. The Plaintiffs and Class charities were deprived of the immediate use and control of funds intended for their respective charitable missions.

52. The Plaintiffs and Class charities did not confer the benefits gratuitously and did not agree to allow Defendants to retain any fees, interest, or other value derived from the donations.

53. As a direct and proximate result of Defendants' unjust enrichment, the Plaintiffs and Class charities have suffered damages, and will continue to suffer damages into the future, including past and future loss of use of the donated funds, loss of interest or time-value of money, and administrative and corrective costs.

54. Equity and good conscience require that Defendants disgorge and make restitution of all benefits unjustly retained. These amounts will be set forth with greater certainty as discovery proceeds in this matter and the full impact of the actions of Defendants are determined.

### D. Punitive Damages

55. The Plaintiffs incorporate verbatim herein by reference Paragraphs 1 – 54 hereinabove.

56. Each of the above-referenced acts of Defendants were undertaken with a reckless and outrageous indifference to the Plaintiffs and Class charities, and to the donors that these charities depend on for charitable contributions, and as such is worthy of the imposition of punitive damages against each of the Defendants. These amounts will be set forth with greater certainty as discovery proceeds in this matter and the full impact of the actions of the Defendants are determined.

## VII. DAMAGES

57. The Plaintiffs incorporate verbatim herein by reference Paragraphs 1 – 56 hereinabove.

58. The activities of Defendants as addressed above, these Plaintiffs and Class charities have sustained the following injuries and damages:

A. Harm to reputation and loss of goodwill, in the past and in the future,

B. Loss (and diversion) of donations in the past and in the future,

C. Costs to correct donor confusion and lack of trust, in the past and in the future,

D. Loss of the use of funds held by the Defendants,

E. Cost and expenses incurred in obtaining the funds donated by Donors which were intended by the Donors for the Plaintiffs and Class charities,

F. Funds misappropriated by the Defendants as fees and tips from the funds donated by Donors which were intended by the Donors for the Plaintiffs and Class charities,

G. Costs and expenses of investigating loss of funds and of recovering funds,

H. Disgorgement of the value of the benefit that the Defendants received, including:

    i. returns earned on money wrongfully withheld,

    ii. revenues earned by the defendants due to their purported association with the Plaintiffs and Class charities and other similarly situated.

I. Attorneys fees incurred by the Plaintiffs and Class charities in the prosecution of these claims;

J. Punitive damages against Defendants,

K. Court Costs as awarded by the Court,

L. Pre- and post-judgment interest

M. Such other and further relief to which the Plaintiffs and Class charities may be entitled.

DATED this 2nd day of July, 2026.

LUSBY LAW FIRM PC

*s/ Gregory T. Lusby*

**GREGORY T. LUSBY**, OSB #933490
*Of Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on July 2, 2026, I served or caused to be served a copy of the foregoing **AMENDED CLASS ACTION ALLEGATION COMPLAINT** addressed to the party or the attorney for each party as follows:

Ben Berkowitz
Matan Shacham
Drew H. Washington
KEKER VAN NEST & PETERS
633 Battery Street
San Francisco, CA 94111
Fax: 415-397-7188
Email: bberkowitz@keker.com
mshacham@keker.com
dwashington@keker.com

Timothy DeJong
Chloe A. Jasper
STOLL BERNE PC
209 SW Oak Street #500
Portland, OR 97204
Fax: 503-227-6840
Email:tdejong@stollberne.com
cjasper@stollberne.com
***Of Attorneys for Defendants***

- ☐ by **mailing** a copy thereof to the address listed above.
- ☐ by causing a copy thereof to be **hand-delivered** to the address listed above.
- ☐ by sending a copy thereof via **overnight courier** to the address listed above.
- ☐ by **faxing** a copy thereof to the fax number listed above.
- ☒ by **emailing** a copy thereof to the email address listed above.
- ☒ by **electronic service** via the Federal Court's CM/ECF system.
- ☐ by **electronic service** via the State Court's OJD Odyssey File & Serve system.

LUSBY LAW FIRM PC

*s/ Gregory T. Lusby*
**GREGORY T. LUSBY**, OSB #933490
*Of Attorneys for Plaintiffs*