**Timothy S. DeJong**, OSB No. 940662
Email: tdejong@stollberne.com
**Chloe A. Jasper**, OSB No. 253957
Email: cjasper@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone: (503) 227-1600

**Benjamin Berkowitz**, (*pro hac vice*)
Email: bberkowitz@keker.com
**Matan Shacham**, (*pro hac vice*)
mshacham@keker.com
**Drew H. Washington** (*pro hac vice forthcoming)*
dwashington@keker.com
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 773-6612

*Attorneys for Defendant GoFundMe Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| COMMUTE OPTIONS FOR CENTRAL OREGON, an Oregon Nonprofit Corporation; MCKENZIE VALLEY LTRG OF LANE COUNTY, an Oregon Nonprofit Corporation; OUTDOOR EDUCATION ADVENTURES, an Oregon Nonprofit Corporation; THE WATERSTRONG INITIATIVE, an Oregon Nonprofit Corporation; EUGENE PUBLIC LIBRARY FOUNDATION, an Oregon Nonprofit Corporation; and the OREGON SHAKESPEARE FESTIVAL ASSOCIATION, an Oregon Nonprofit Corporation,<br><br>Plaintiffs,<br><br>v.<br>GOFUNDME INC., a Delaware Corporation; and JOHN DOES NO. 1-100,<br><br>Defendants. | Case No. 6:26-00475-AP<br>REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT GOFUNDME INC.'S MOTION TO DISMISS<br><br>**ORAL ARGUMENT REQUESTED** |

In support of Defendant GoFundMe Inc.'s Motion to Dismiss ("Motion"), GoFundMe respectfully requests that this Court take notice of various publicly-available records that are subject to judicial notice and the incorporation-by-reference doctrine, as set forth below.

## I. LEGAL STANDARD

In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a district court may consider any matters that are subject to judicial notice. *Swartz v. KMPG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). A matter is subject to judicial notice when it is "not subject to reasonable dispute" because it either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). It is well-established that "contents of a website" that is publicly accessible are proper subjects of judicial notice. *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 129 F. Supp. 3d 1012, 1021 (D. Or. 2015); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010).

Further, under the incorporation-by-reference doctrine, courts may consider documents extrinsic to the complaint if their "authenticity is not contested and the plaintiff's complaint necessarily relies on [them]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citation modified), *abrogated on other grounds as suggested by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).[1] A plaintiff's complaint necessarily relies on an extrinsic

---

[1] Incorporation by reference is different than judicial notice, *Lee*, 250 F.3d at 688–89, and the standards are different too. *See Crowden v. Fed. Nat'l. Mortg. Ass'n*, No. 3:11-CV-1083-HZ, 2011 WL 6740741, at *3 (D. Or. Dec. 22, 2011) ("[U]nder the 'incorporation by reference' doctrine, a court may take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached' to the complaint" irrespective of whether the document meets Rule 201's requirements) (citing *Lee*, 250 F.3d at 688).


STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted). The Ninth Circuit has held that quoting from a document is sufficient to incorporate it by reference. *Daniels-Hall*, 629 F.3d at 998. "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The Ninth Circuit has further extended this doctrine to situations in which "plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). When a document is incorporated by reference, a district court treats that document as part of the complaint and "thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

## II. DOCUMENTS SUBJECT TO JUDICIAL NOTICE AND/OR INCORPORATION BY REFERENCE

Attached to the Declaration of Drew Washington ("Washington Declaration" or "Washington Decl."), filed concurrently herewith, are true and correct copies of the following documents:

**Exhibit A: the GoFundMe donation webpage** titled "Commute Options," which is the GoFundMe NPO Page Plaintiff Commute Options for Central Oregon alleges GoFundMe created on its behalf. *See* Compl. ¶¶ 1, 11, 22-25. This exhibit depicts Plaintiff Commute Options for Central Oregon's NPO Page. The webpage is publicly available at:

---

*See Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012) ("[T]he Court may *consider* [documents'] contents under the incorporation by reference doctrine even if they fail to satisfy Rule 201's requirements for *judicial notice*.").


STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

https://www.gofundme.com/charity/commute-options. The webpage is a matter of public record and is referenced throughout Plaintiffs' Amended Complaint. Compl. ¶¶ 1, 11, 22-25.

**Exhibit B: the donation flow for the** GoFundMe NPO Page Plaintiff Commute Options for Central Oregon alleges GoFundMe created on its behalf. *See* Compl. ¶¶ 1, 11, 22-25. This exhibit shows the Court how that webpage appears when a proposed donation amount is added or a tip is selected.

**Exhibit C: the GoFundMe donation webpage** titled "WaterStrong," which is the GoFundMe NPO Page Plaintiff The WaterStrong Initiative alleges GoFundMe created on its behalf. *See* Compl. ¶¶ 1, 11, 22-25. The webpage is publicly available at: https://www.gofundme.com/charity/waterstrong-initiative. The webpage is a matter of public record and is referenced throughout Plaintiffs' Amended Complaint. Compl. ¶¶ 1, 11, 22-25.

**Exhibit D: Plaintiff Commute Options for Central Oregon's website.** The website is referenced in the Amended Complaint. Am. Compl. ¶ 28. The website is also publicly available at: https://www.commuteoptions.org/ and is a matter of public record.

**Exhibit E: Plaintiff McKenzie Valley Ltrg of Lane County's website.** The website is referenced in the Amended Complaint. Am. Compl. ¶ 28. The website is also publicly available at: https://www.mckenzievalleyltrg.org/ and is a matter of public record.

**Exhibit F: Plaintiff Outdoor Education Adventure's website.** The website is referenced in the Amended Complaint. Am. Compl. ¶ 28. The website is also publicly available at: https://outdooredadventures.com/ and is a matter of public record.

**Exhibit G: Plaintiff The WaterStrong Initiative's website.** The website is referenced in the Amended Complaint. Am. Compl. ¶ 28. The website is also publicly available at: https://www.waterstrong.org/ and is a matter of public record.

**Exhibit H: Plaintiff Eugene Public Library Foundation's website.** The website is referenced in the Amended Complaint. Am. Compl. ¶ 28. The website is also publicly available at: https://www.eplfoundation.org/ and is a matter of public record.


STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

**<u>Exhibit I:</u> Plaintiff Oregon Shakespeare Festival Association's website.** The website is referenced in the Amended Complaint. Am. Compl. ¶ 28. The website is also publicly available at: https://www.osfashland.org/ and is a matter of public record.

**<u>Exhibit J:</u> the GoFundMe Pricing and Fees webpage** available via hyperlinked text on Plaintiffs' GoFundMe NPO Pages. This webpage is publicly available at https://www.gofundme.com/c/pricing. The webpage is a matter of public record. It is also expressly incorporated into the GoFundMe Terms of Service (Exhibit K).

**<u>Exhibit K:</u> the GoFundMe Terms of Service webpage**. This webpage is publicly available at https://www.gofundme.com/c/terms. The webpage is a matter of public record.

**<u>Exhibit L:</u> the PayPal Giving Fund Donor Terms of Service webpage**. This webpage is publicly available at https://www.paypal.com/us/paypal-giving-fund/policies/donor-terms-of-service. The webpage is a matter of public record.

## III. ARGUMENT

### A. GoFundMe's public webpages and Plaintiffs' public websites are judicially noticeable because they are internet records not subject to reasonable dispute.

All of the documents (Exhibits A–L) are judicially noticeable as publicly available internet records and are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). In general, "courts may take judicial notice of . . . contents of a website, when they are 'matters of public record.'" *Vesta Corp.,* 129 F. Supp. 3d at 1021 (taking judicial notice of public website); *Pope v. Wilsonville T LLC*, No. 3:21-CV-00273-SB, 2021 WL 2815800, at *3 (D. Or. July 6, 2021) (granting request for judicial notice of information available on website); *see also Daniels-Hall,* 629 F.3d at 998–99 (9th Cir. 2010).

That is why numerous courts regularly take judicial notice of publicly available websites and their contents, including "terms of service." *See M.R. v. Salem Health Hosps. & Clinics*, No. 6:23-CV-01691-AA, 2024 WL 3970796, at *1 (D. Or. Aug. 28, 2024) (acknowledging courts may take judicial notice of terms of service available on a party's website). *See also, e.g.*, *Zhang v.*


STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

*Twitter Inc.*, No. 23-cv-00980-JSC, 2023 WL 5493823, at *3 (N.D. Cal. Aug. 23, 2023); *Yuksel v. Twitter, Inc.*, No. 22-cv-05415-TSH, 2022 WL 16748612, at *2 (N.D. Cal. Nov. 7, 2022) (Twitter's Terms of Service); *Datel Holdings, Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983–84 (N.D. Cal. 2010) (Microsoft's Xbox Terms of Use). Thus, GoFundMe requests that the Court take judicial notice of Exhibits A–K.

**B. Plaintiffs incorporated by reference GoFundMe's webpages and their own websites because their complaint cites to, refers to, and relies upon them to form the basis of their claims.**

All of the documents (Exhibits A–L) are also subject to the incorporation-by-reference doctrine. The GoFundMe NPO Pages, Terms of Service, and Pricing webpages contain disclosures and information that are referenced in Plaintiffs' Amended Complaint and that defeat all of their claims as a matter of law.

GoFundMe's NPO Pages titled "Commute Options" and "Waterstrong Initiative" (Exhibits A and C) are subject to incorporation by reference because (1) they are publicly-available internet records whose authenticity is not subject to reasonable dispute (as explained above) and (2) Plaintiffs' Amended Complaint necessarily relies on them, while omitting relevant portions of the documents. *See Lee*, 250 F.3d at 688; *Khoja*, 899 F.3d at 1002.

Plaintiffs' Amended Complaint includes selective and incomplete references, including allegations based only upon "information and belief" about what is and is not included on those webpages and misleading misrepresentations about what they show. Compl. ¶¶ 22-25. Because Plaintiffs rely upon these GoFundMe NPO Pages in stating their claims, this Court may treat Exhibits A and C as part of Plaintiffs' Amended Complaint and "assume that [their] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *See Ritchie*, 342 F.3d at 908. Further, because Plaintiffs' Amended Complaint includes incomplete representations about what these webpages include and misleading representations about what these pages revealed, incorporation by reference of Exhibits A and C "prevents plaintiffs from selecting only portions


STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

For similar reasons, Plaintiffs own nonprofit websites (Exhibits D-I) are subject to incorporation by reference too. Plaintiffs reference their own websites in the Amended Complaint (Am. Compl. ¶ 28) and omit that their own websites charge transaction fees for donations made through their webpages as well. Plaintiffs cannot reasonably contest the authenticity of these publicly available websites either. *See Lee*, 250 F.3d at 688; *Khoja*, 899 F.3d at 1002.

GoFundMe's Pricing and Fees webpage (Exhibit J), Terms of Service (Exhibit K), and PayPal Giving Fund's Donor Terms of Service (Exhibit L) are also incorporated by reference because (1) they are publicly-available internet records whose authenticity is not subject to reasonable dispute (as explained above) and (2) Plaintiffs' Amended Complaint necessarily relies on them. *See Lee*, 250 F.3d at 688. Plaintiffs' Amended Complaint states allegations, including those based only upon "information and belief" that GoFundMe misled donors about the fees and tips donors were charged, including allegations that the tips were solicited or applied in default and resulted in a deduction of the donation amount, and that the fees were vague and unclear. Am. Compl. ¶¶ 22 25. Plaintiffs also make allegations about what information nonprofits were told about donations received (Am. Compl. ¶ 24), and how those donations were handled (Am. Compl. ¶ 25). GoFundMe's Terms of Service, Pricing and Fees webpages, and PayPal Giving Fund's Donor Terms of Service, however, contradict these allegations and are hyperlinked on Plaintiffs' GoFundMe NPO Pages. Because Plaintiffs reference and rely upon these GoFundMe webpages in their allegations, this Court may treat Exhibits J-L as part of Plaintiffs' Amended Complaint and "assume that [their] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *See Ritchie*, 342 F.3d at 908; *Khoja*, 899 F.3d at 1002.

## IV. CONCLUSION

For the foregoing reasons, this Court should grant GoFundMe's request for judicial notice and incorporation by reference in support of GoFundMe's Motion to Dismiss.


STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

DATED this 17th day of August, 2026.

STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.

By: /s/ Benjamin Berkowitz

**Timothy S. DeJong**, OSB No. 940662
Email: tdejong@stollberne.com
**Chloe A. Jasper**, OSB No. 253957
Email: cjasper@stollberne.com

209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

And

**Benjamin Berkowitz**, (*pro hac vice*)
Email: bberkowitz@keker.com
**Matan Shacham**, (*pro hac vice*)
mshacham@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 773-6612
Facsimile: (415) 397-7188

*Attorneys for Defendant GoFundMe Inc.*