**GREGORY T. LUSBY**, OSB No. 933490
Email: greg@lusbylawfirm.com
LUSBY LAW FIRM PC
P.O. Box 1316
Eugene, Oregon 97440
Telephone: (541) 246-8520

**MIKAL C. WATTS**, OSB No. 215872
Email: mikal@wattsllp.com
**JERRY WHITE**, *Pro Hac Vice Pending*
Email: jerry@wattsllp.com
WATTS LAW FIRM LLP
811 Barton Springs, Suite 725
Austin, Texas 78704
Telephone: (512) 479-0500
***Attorneys for Plaintiffs***

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

**COMMUTE OPTIONS FOR CENTRAL OREGON**, an Oregon Nonprofit Corporation; **MCKENZIE VALLEY LTRG OF LANE COUNTY,** an Oregon Nonprofit Corporation; **OUTDOOR EDUCATION ADVENTURES**, an Oregon Nonprofit Corporation; **THE WATERSTRONG INITIATIVE,** an Oregon Nonprofit Corporation; **EUGENE PUBLIC LIBRARY FOUNDATION,** an Oregon Nonprofit Corporation; and the **OREGON SHAKESPEARE FESTIVAL ASSOCIATION**, an Oregon Nonprofit Corporation,

Plaintiffs,

vs.

**GOFUNDME INC.**, a Delaware Corporation; and **JOHN DOES NO. 1-100,**

Defendants.

Case No. 6:26-cv-00475-AP

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT GOFUNDME INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

***ORAL ARGUMENT REQUESTED***

**RESPONSE**

Plaintiffs respond by relying upon the points and authorities contained herein to Defendant GoFundMe Inc.'s Request for Judicial Notice in Support of Motion to Dismiss.

## I. INTRODUCTION

Defendant GoFundMe Inc. asks the Court to take wholesale judicial notice of Exhibits A through L and, separately, to incorporate all twelve exhibits under the incorporation-by-reference doctrine. The exhibits include claimed Defendant GoFundMe created donation webpages for Plaintiff Commute Options for Central Oregon and Plaintiff The WaterStrong Initiative (Exhibits A and C), a purported simulated "donation flow" document for the donation webpage created by Defendant GoFundMe for Plaintiff Commute Options for Central Oregon (Exhibit B), screen shots of Plaintiffs' own websites (Exhibits D, E, F, G, H, and I), Defendant GoFundMe's purported pricing and terms pages (Exhibits J and K), and purportedly PayPal Giving Fund's donor terms (Exhibit L).

It is very important to note that Exhibits A through L are apparently just printouts or essentially static screenshots of the referenced webpages without any information on when or how they were printed or captured. Defendant GoFundMe's request for the Court to take judicial notice of the Exhibits in their entirety and apparently without question, exceeds the limited purposes and scope of judicial notice and while also exceeding the scope of incorporation-by-reference. The Request and the accompanying Declaration of Drew Washington not only don't include any information on the date the exhibit images were captured or printed but also no information on whether there have been any changes or amendments to the webpages during all times material herein, whether there is any webpage content that was not captured in the exhibits nor any information on what would have been seen by the public throughout all relevant times herein. Public accessibility at some point does not make every aspect on a webpage screenshot indisputably true, complete and subject to judicial notice. Nor does the Amended Complaint's reference to webpages incorporate all content, including every related webpage, contractual terms, simulated transactions, or a third-party document that Defendant GoFundMe now attempts to offer.

///

///

The Plaintiffs therefore request that the Court deny the request except to the limited extent Plaintiffs expressly do not oppose notice of as set forth below. The Court should not notice the truth of disputed website content, treat current webpages as proof of what users saw at another time, conclude the exhibits establish the extent of website and webpage content, resolve competing interpretations of the exhibits, or use the exhibits to displace well-pleaded allegations.

## II. LEGAL STANDARD

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts. A court may notice only a fact that is not subject to reasonable dispute because it is generally known within the Court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FRE 201. Even when a document is a proper subject of judicial notice, that does not mean every factual assertion within the document may be accepted as true as set forth in the seminal *Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988 (2018)*. The Court must identify the particular fact being noticed, and judicial notice is improper when the document is subject to varying interpretations or reasonable dispute about what it establishes. *Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (2018)*. Judicial notice is a means of accepting indisputable facts, not a procedure for resolving contested evidence. *State v. Wagner, 63 Ore. App. 204, 206 (1983)*.

Incorporation by reference is distinct from judicial notice. It applies when a complaint refers extensively to a document or the document forms the basis of the claim. *Arubawater Corp. v. Wells Fargo Bank, N.A., 703 F. Supp. 3d 995, 1000 (2023)*. But incorporation may not be used to assume the truth of extrinsic material merely to contradict well-pleaded allegations or resolve factual disputes at the pleading stage. *Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1003 (2018)*. Documents not mentioned in a complaint cannot be incorporated merely because a defendant contends that they establish a defense. *Urban Outfitters, Inc. v. Dermody Operating Co., LLC, 572 F. Supp. 3d 977, 993 (2021)*.

"Thus…judicial notice and incorporation-by-reference do have roles to play at the pleading stage. The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the

case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." Khoja at 998 and see *Rollins v. Dignity Health, 338 F. Supp. 3d 1025, 338 F. Supp. 3d 1025 (N.D. Cal. 2018).*

**III. ARGUMENT**

**A. The Court Should Not Take Wholesale Judicial Notice of the Exhibits or Apply Incorporation-by-Reference Due to Them Being Nonspecific Screenshots.**

Defendant's request treats the public availability of a webpage as sufficient to establish the truth, completeness, and legal effect of everything displayed on it. Defendant asserts that all twelve exhibits are judicially noticeable because they are publicly available internet records and therefore not subject to reasonable dispute. That conclusion is an over-simplification of FRE 201.

At most, public accessibility may help to establish that a webpage existed or displayed specified text or images when captured. It does not necessarily establish when the content first appeared, the truth of the content, whether it changed over time, what content a particular user encountered, how the webpage operated during a transaction, or what a reasonable user understood from it. Those are not indisputable facts merely because Defendant GoFundMe's submitted webpage exhibits capturing a screenshot at some point in time. For example, Exhibit K states "Effective Date: June 23, 2026" which is well after the allegations against the Defendant and the commencement of the lawsuit in this matter.

This distinction is especially important here because Defendant seeks to use its exhibits not simply to establish that webpages exist and visible content on a particular date, but to contradict allegations and argue its position concerning fees, tips, donor disclosures, terms and conditions, information supplied to nonprofits, and the handling of donations. A court may notice a document without accepting every assertion within that document as true. *See Khoja*. And when the substance of a document permits varying interpretations, FRE 201 does not authorize the Court to select Defendant's interpretation at the pleading stage. *Id.*

///

///

Accordingly, if the Court takes notice of any exhibit, the precise and limited fact noticed needs to be identified while the exhibit's contents should not automatically be accepted as the truth or disputed inferences drawn against the Plaintiffs.

Regarding incorporation-by-reference, the lack of provided specificity surrounding the screenshot exhibits makes it impossible to form a nexus between them to any references in the Amended Complaint. As set forth below, the Plaintiffs readily acknowledge they have their own websites but incomplete and nonspecific screenshots taken at some undefined time does not equate to being documents referenced in the Plaintiff's Amended Complaint.

**B. Exhibits A Through C May Not Be Used to Resolve Disputed Facts About the Solicitation and Donation Process.**

Exhibits A and C are apparently screen captures at some point of the donation pages created by Defendant GoFundMe for Plaintiff Commute Options for Central Oregon and Plaintiff The WaterStrong Initiative. While Exhibit B depicts what Defendant GoFundMe characterizes as the "donation flow" after a purported or hypothetical donation amount is entered or a tip is selected - this asserted purpose confirms the problem. Defendant is not asking the Court to merely notice that the pages and its identified content existed on a particular date. Instead, it asks the Court to accept its exhibits as complete and dispositive depictions of the challenged pages and to accept what those pages disclosed to users along with the applicable terms and conditions. Judicial notice cannot be used to settle a reasonable dispute over what a document establishes. *See Khoja*. Due to the absence of specifics and foundation for these exhibits, the Court cannot determine consistent with FRE 201 that the alleged simulated "donation flow" in Exhibit B is identical to what a donor would encounter during any transaction or time period or Exhibit A and Exhibit C are what a donor would have seen during all relevant times material herein. The exhibits' content, operation, representativeness, and temporal relevance require evidentiary support rather than jumping to a blanket request for "judicial notice" or generally claiming they need to be incorporated-by-request because they are documents, without any provided specificity, that are referred to in Plaintiffs' Amended Complaint.

///

///

Specifically, Plaintiffs' positions as to these exhibits are:

1. **Exhibit A:** At this time, Plaintiffs do not have any reason to doubt that Exhibit A is a printout from the Defendant GoFundMe website of a webpage it created related to Plaintiff Commute Options for Central Oregon but there is no reference to when this screenshot was obtained, the full extent and content of the webpage created for Plaintiff Commute Options for Central Oregon, nor any information on any changes or amendments made to it. The Plaintiffs object to judicial notice of Exhibit A being taken without the date it was captured being provided, the full extent and content of the webpage is provided, what would have been seen by all users, and a chronology of any changes or amendments to the webpage referenced in the exhibit since its creation, including the dates of those changes. Further, Plaintiffs object to any incorporation by reference since the Amended Complaint does not make particular reference to the document that is Exhibit A while there continues to be no information on when it was captured, the full extent of the webpage created by Defendant GoFundMe, including any changes or amendments throughout all times material in this matter.

2. **Exhibit B:** There is just a conclusory representation in the Declaration of Attorney Washington that Exhibit B is the "donation flow" and it *"...shows the Court how the webpage appears when a proposed donation amount is added or a tip is selected."* (Page 4 of the Request for Judicial Notice). Plaintiffs object due to it being purportedly a "donation flow" document without any confirmation of its source and creation, the timing of its creation, when it was printed out or captured, the existence of any other associated webpages or content and whether this was identical to what every donor would have seen and at what point. The conclusory representation by its counsel of what is apparently a dynamic exhibit that changes based upon the input is clearly not a fact contemplated by FRE 201. Nor does the Amended Complaint contain reference to a "donation flow" document. Without additional information and confirmation, Plaintiffs object to judicial notice or incorporation-by-reference being taken of this exhibit.

3. **Exhibit C:** Also, Plaintiffs do not have any reason to doubt that Exhibit C is a printout from the Defendant GoFundMe website of a webpage it created related to Plaintiff The WaterStrong Initiative but there again is no reference to when this screenshot was obtained, what would have been seen

by all users, the full extent and content of the webpage created nor any information on any changes or amendments made to it. The Plaintiffs object to judicial notice of Exhibit C being taken without the date it was captured being provided, the full extent and content of the webpage is provided and a chronology of any changes or amendments to the webpage referenced in the exhibit since its creation, including the dates of those changes. Further, Plaintiffs object to any incorporation-by-reference since the Amended Complaint does not make particular reference to Exhibit C while there continues to be no information on when it was captured, the full extent of the webpage created by Defendant GoFundMe, including any changes or amendments throughout all times material in this matter.

**C. Only Limited Judicial Notice or Incorporation-By-Reference is Appropriate for the Exhibits of Plaintiffs' Websites**

Exhibits D through I appear to be screenshot captures of Plaintiffs' respective websites. However, Defendant GoFundMe continues to fail to provide any particulars on these website screenshots, including the date on which they were captured. The fact that the Plaintiffs maintain public websites does not make everything on them subject to judicial notice for the Defendant to broadly use in its Motion to Dismiss. A reference to a website does not automatically incorporate every page and every statement on a website. Incorporation applies when the complaint refers extensively to a document or the document forms the basis of the claim. *Arubawater Corp. v. Wells Fargo Bank, N.A., 703 F. Supp. 3d 995, 1000 (2023)*. A document that instead supplies a proposed defense to well-pleaded allegations does not necessarily form the basis of the complaint. *Urban Outfitters, Inc. v. Dermody Operating Co., LLC, 572 F. Supp. 3d 977, 993 (2021)*. Defendant GoFundMe's request is an attempt to introduce its competing factual characterization, not to supply a document on which Plaintiffs' claims necessarily depend. The Court should therefore deny incorporation of Exhibits D through I.

Plaintiffs' exhibit specific positions are:

1. **Exhibit D:** It is acknowledged that Exhibit D appears to be a printout of a static screen capture taken from the website of Plaintiff Commute Options for Central Oregon though it provides no information on the date it was taken nor does it capture the full extent of the website. It is agreed that the

exhibit depicts what it depicts and there is no issue with the Court taking judicial notice consistent with this acknowledgement but there is an objection to anything beyond this acknowledgement for the reasons stated.

2. **Exhibit E:** It is acknowledged that Exhibit E appears to be a printout of a static screen capture taken from the website of Plaintiff McKenzie Valley LTRG of Lane County though it provides no information on the date it was taken nor does it capture the full extent of the website. It is agreed that the exhibit depicts what it depicts and there is no issue with the Court taking judicial notice consistent with this acknowledgement but there is an objection to anything beyond this acknowledgement for the reasons stated.

3. **Exhibit F:** It is acknowledged that Exhibit F appears to be a printout of a static screen capture taken from the website of Plaintiff Outdoor Education Adventures though it provides no information on the date it was taken nor does it capture the full extent of the website. It is agreed that the exhibit depicts what it depicts and there is no issue with the Court taking judicial notice consistent with this acknowledgement but there is an objection to anything beyond this acknowledgement for the reasons stated.

4. **Exhibit G:** It is acknowledged that Exhibit G appears to be a printout of a static screen capture taken from the website of Plaintiff The WaterStrong Initiative though it provides no information on the date it was taken nor does it capture the full extent of the website. It is agreed that the exhibit depicts what it depicts and there is no issue with the Court taking judicial notice consistent with this acknowledgement but there is an objection to anything beyond this acknowledgement for the reasons stated.

5. **Exhibit H:** It is acknowledged that Exhibit H appears to be a printout of a static screen capture taken from the website of Plaintiff Eugene Public Library Foundation though it provides no information on the date it was taken nor does it capture the full extent of the website. It is agreed that the exhibit depicts what it depicts and there is no issue with the Court taking judicial notice consistent with this acknowledgement but there is an objection to anything beyond this acknowledgement for the reasons stated.

6. **Exhibit I:** It is acknowledged that Exhibit I appears to be a printout of a static screen capture taken from the website of Plaintiff Oregon Shakespeare Festival Association though it provides no information on the date it was taken nor does it capture the full extent of the website. It is agreed that the exhibit depicts what it depicts and there is no issue with the Court taking judicial notice consistent with this acknowledgement but there is an objection to anything beyond this acknowledgement for the reasons stated.

**D. Judicial Notice of Exhibits J Through L Is Not Appropriate and the Exhibits Can Not Be Incorporated-By-Reference Unless the Amended Complaint Necessarily Relies on Each Specific Document.**

Exhibits J through L purportedly consist of GoFundMe's Pricing and Fees webpage, GoFundMe's Terms of Service, and PayPal Giving Fund's Donor Terms of Service. Defendant argues that there should be judicial notice of all three documents and that they should be incorporated-by-reference because they were publicly available and allegedly linked from the donation pages in an apparent effort by Defendant GoFundMe to contradict allegations regarding fees, tips, disclosures, and donation handling. The conclusory representations regarding Exhibits J, K and L also seem intent on unilaterally asserting applicable pricing and term pages for Defendant GoFundMe and the donor terms for PayPal Giving Fund for the Court's consideration contrary to the cited law herein without any confirmation of the date these documents were printed, their completeness and whether there have been any amendments or changes – Of note, Exhibit K states "Effective Date: June 23, 2026" which is well after the allegations and the commencement of the lawsuit in this matter.

As cited above, the assertion that the exhibits are available to the public is not the test for judicial notice or incorporation-by-reference. Each document must be evaluated separately to determine whether the FRE 201 applies and whether the Amended Complaint refers extensively to it or whether it forms the basis of Plaintiffs' claims. *See* *Arubawater Corp. v. Wells Fargo Bank, N.A., 703 F. Supp. 3d 995, 1000 (2023)*. Incorporation also may not be used to assume disputed propositions merely because those propositions conflict with well-pleaded allegations. *Khoja at 1003*.

A hyperlink from one webpage to another does not, by itself, establish that the linked document formed the basis of the Amended Complaint. Nor does Defendant GoFundMe's contention that the documents contradict Plaintiffs' allegations establish incorporation-by-reference. If an extrinsic document merely supplies Defendant with a competing account or defense, incorporation is inappropriate. *Urban Outfitters, Inc. v. Dermody Operating Co., LLC, 572 F. Supp. 3d 977, 993 (2021)*.

///

///

Specifically, the Plaintiffs' positions as to these exhibits are:

1. **Exhibit J:** It is hereby acknowledged that Exhibit J appears to reference the transaction fee contained in the Amended Complaint but again there is no indication when this screenshot was captured, the manner it was retrieved and captured, the full extent and content of the webpage, any information on changes or amendments made to it during all material times herein, what content a particular user might have encountered, and the effect on any potential user that might have seen this purported exhibit. In addition, this exhibit is not referenced and contains content that is not in the Amended Complaint while appearing to come from some nondisclosed user's personal GoFundMe account as referenced by the "Sign in" and "message bell" indicating 2 new messages. As a result, the Plaintiffs object to judicial notice of Exhibit J being taken or incorporation-by-reference.

2. **Exhibit K:** It appears that this is an exhibit subsequently retrieved to support Defendant GoFundMe's Motion to Dismiss as evidenced by it stating on its face, "Effective Date: June 23, 2026" – subsequent to the allegations and the lawsuit being filed in this matter. Again, there is no indication when this screenshot was captured, the manner it was retrieved and captured, the full extent and content of the webpage, any information on changes or amendments made to it during all material times herein, what content a particular user might have encountered, and the effect on any potential user that might have seen this purported exhibit In addition, this exhibit is not referenced and contains content that is not in the Amended Complaint. As a result, the Plaintiffs object to judicial notice of Exhibit K being taken or incorporation-by-reference.

3. **Exhibit L:** There is no reference in the Amended Complaint to PayPal Giving Services or Exhibit L. Again, it appears that this is an exhibit subsequently retrieved to support Defendant GoFundMe's Motion to Dismiss. Like all the other exhibits, there is no indication when this screenshot was captured, the manner it was retrieved and captured, the full extent and content of the webpage, any information on changes or amendments made to it during all material times herein, what content a particular user might have encountered, and the effect on any potential user that might have seen this purported exhibit. As a result, the Plaintiffs object to judicial notice of Exhibit K being taken or incorporation-by-reference.

## IV. CONCLUSION

Plaintiffs respectfully request that the Court deny Defendant's Request for Judicial Notice and incorporation-by-reference. Alternatively, the Court should limit any judicial notice to specifically identified facts whose accuracy is not reasonably disputable, without accepting the truth of disputed documents, drawing factual inferences against Plaintiffs or incorporating-by-reference disputed and questionable documents not included in the Amended Complaint.

DATED this 14th day of September, 2026.

LUSBY LAW FIRM

*s/ Gregory T. Lusby*
**GREGORY T. LUSBY**, OSB No. 933490
Email: greg@lusbylawfirm.com
LUSBY LAW FIRM PC
P.O. Box 1316
Eugene, OR 97440
Telephone: (541) 246-8520

**MIKAL C. WATTS**, OSB No. 215872
Email: mikal@wattsllp.com
**JERRY WHITE**, *Pro Hac Vice Pending*
Email: jerry@wattsllp.com
WATTS LAW FIRM LLP
811 Barton Springs, Suite 725
Austin, Texas 78704
Telephone: (512) 479-0500
***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I certify that on September, I served or caused to be served a copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT GOFUNDME INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** addressed to the party or the attorney for each party as follows:

Benjamin Berkowitz
Matan Shacham
Drew H. Washington
KEKER VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Fax: 415-397-7188
Email: bberkowitz@keker.com
mshacham@keker.com
dwashington@keker.com

Timothy DeJong
Chloe A. Jasper
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street #500
Portland, OR 97204
Fax: 503-227-6840
Email:tdejong@stollberne.com
cjasper@stollberne.com
***Of Attorneys for Defendant***

- ☐ by **mailing** a copy thereof to the address listed above.
- ☐ by causing a copy thereof to be **hand-delivered** to the address listed above.
- ☐ by sending a copy thereof via **overnight courier** to the address listed above.
- ☐ by **faxing** a copy thereof to the fax number listed above.
- ☐ by **emailing** a copy thereof to the email address listed above.
- ☒ by **electronic service** via the Federal Court's CM/ECF system.
- ☐ by **electronic service** via the State Court's OJD Odyssey File & Serve system.

LUSBY LAW FIRM PC

*s/ Gregory T. Lusby*
**GREGORY T. LUSBY**, OSB #933490
*Of Attorneys for Plaintiffs*